IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OSCAR SANDOVAL, | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| VS. | § | No. 4:21-cv-1174-P |
| | § | (No. 4:20-cr-0346-P) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Came on for consideration the motion of Oscar Sandoval, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be **DENIED**.

## I.    BACKGROUND

The record in the underlying criminal case reflects the following:

On December 16, 2020, Movant was named in a one-count indictment charging him with possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). CR Doc.[1] 10. On February 22, 2021, he was named in a one-count superseding information charging him with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc. 21. On February 24, 2021, Movant and his counsel signed a waiver of indictment, CR Doc. 26, a plea

---

[1]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-cr-0346-P.

agreement, CR Doc. 27, and a factual resume. CR Doc. 28. The factual resume set forth the elements of the offense charged by the superseding information, the penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement set forth that the factual resume was true, Movant's plea of guilty was freely and voluntarily made, and he had thoroughly reviewed all legal and factual aspects of his case, including the plea agreement, with his attorney and was satisfied with the representation provided. CR Doc. 27. Movant entered a plea of guilty to the superseding information. CR Doc. 24. The Magistrate Judge issued a report and recommendation that the plea be accepted. CR Doc. 29. No objections were filed and the Court accepted the plea. CR Doc. 32.

The probation officer prepared the presentence report, which reflected that Movant's base offense level was 30. CR Doc. 33, ¶ 25. He received a two-level increase for possession of a firearm. *Id.* ¶ 26. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 32, 33. Based on a total offense level of 29 and a criminal history category of I, his guideline imprisonment range was 87 to 108 months. *Id.* ¶ 68.

The Court sentenced Movant to a term of imprisonment of 100 months. CR Doc. 38. He did not appeal, having waived his right to do so. CR Doc. 27 at 4.

## II.     GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion, worded as follows:

**GROUND ONE:** Ineffective assistance of counsel

**GROUND TWO:** Illegal sentence

**GROUND THREE:** Ambiguous plea agreement

Doc.[2] 1 at 4, 5, 7.[3]

### III.   APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and he may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

---

[2]The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3]The page reference is to "Page __ of 13" reflected at the top right portion of the document and is used because the typewritten page numbers on the form used by movant are not the actual page numbers.

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

In support of his first ground, Movant alleges that he was "subjective [sic] to ineffective or deficient assistance of counsel in a criminal prosecution in violation of the Sixth Amendment of the Constitution of the United States of America." Doc. 1 at 4. In support of his second ground, he alleges that he was "subjective [sic] to an illegal sentence imposed upon him in violation of the Eighth Amendment." *Id.* at 5. And, in support of his third ground, he alleges that he "was lead [sic]

into an ambiguous plea agreement through his defense counsel and the United States Attorney's Office, in violation of the Fourteenth Amendment." *Id.* at 7. He does not set forth any facts whatsoever to support his claims. The government pointed this out in its response, Doc. 9, but Movant did not file a reply, apparently recognizing that his motion is wholly deficient. *Miller*, 200 F.3d at 282 (conclusory allegations do not meet the *Strickland* test); *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (mere conclusory allegations do not raise a constitutional issue in a habeas proceeding). The relief sought must be denied.

## V.    CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **7th day** of **September, 2022**.

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE